IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK LANCASTER                                                                    PLAINTIFF

v.                                    CIVIL NO. 09-4103

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Mark Lancaster, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on October 24, 2006, alleging an inability to work since September 1, 2006, due to asthma, carpal tunnel syndrome, left knee pain and spinal degeneration. (Tr. 96-102). An administrative hearing was held on October 14, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 21-42).

By written decision dated December 10, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr.

14). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, asthma, torn rotator cuffs, carpal tunnel syndrome, knee pain and depression. (Tr. 14). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can sit for six to eight hours in an eight hour work day, for one to two hours without interruption, stand or walk for two to four hours in an eight hour work day for fifteen to twenty minutes without interruption alternating between sitting and standing at his choice. The claimant can only occasionally climb, stoop, crouch, kneel, or crawl; cannot do constant reaching or overhead reaching and cannot do constant pushing or pulling. Environmentally, he must avoid exposure to temperature extremes, chemicals, dust, fumes, or humidity and requires inside work that is climate controlled.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a telemarketer. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on July 28, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations. In making this determination, the ALJ stated the following:

> As for the opinion evidence, the medical evaluation and residual functional capacity assessment performed by the state agency medical consultants are consistent with the claimant's medical history and records of treatments by his physicians. The undersigned assigns great weight to the opinion evidence.

(Tr. 19).

The Court is troubled by the ALJ"s failure to address the consultative general physical examination performed, by Dr. Brian Thomas Oge on March 28, 2007, at the request of the Administration. (Tr. 182-188). On April 3, 2007, Dr. Oge opined that Plaintiff was "unable to maintain gainful employment due to multiple medical conditions..." (Tr. 188). As Dr. Oge clearly opines Plaintiff is unable to maintain gainful employment the Court is troubled by the ALJ's statement that great weight was given to this opinion when determining Plaintiff could perform light work. Dr. Oge clearly opined Plaintiff was unable to maintain gainful employment; however, Dr. Oge did not complete a RFC assessment. (Tr. 188). In fact, no examining physician completed a RFC assessment.

After reviewing all of the evidence of record, the Court does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff --including Drs. Oge and Ralph De La Rosa – asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence. If after proper review of an adequately developed record, the ALJ finds that Plaintiff cannot return to his past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that Plaintiff can perform. Sells v. Shalala, 48 F.3d 1044 (8th Cir. 1995).

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of September 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)